BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUN 17 1977
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE ASCOT OILS, INC. SECURITIES )   DOCKET NO. 281
LITIGATION                        )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

On February 27, 1976, the Securities and Exchange Commission (SEC) filed an action in the Western District of Louisiana against Ascot Oils, Inc., four related corporations, and fourteen officers and employees of the various corporations. The SEC charges that the defendants violated the registration and antifraud provisions of the federal securities laws concerning the offer and sale of fractional undivided working interests in oil and gas leases.

Subsequently, two related actions were brought by private litigants in two federal districts: one each in the Eastern District of Louisiana and the District of Maryland. The complaint in each action basically tracks the complaint in the SEC's action. The complaint in the District of Maryland action also includes claims based upon violations of state securities statutes, inter alia. Nine common parties are named as defendants in each of these actions. Although the complaint in the Eastern District of Louisiana action names a

number of corporate and individual defendants not included in the District of Maryland action, all these additional defendants are allegedly related to Ascot, the primary defendant in these actions.

The Panel issued an order to show cause why the two private actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.[1/] Only the plaintiff in the District of Maryland action opposes transfer.

We find that these actions involve common questions of fact and that transfer of the District of Maryland action to the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings under Section 1407 with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The Maryland plaintiff argues that the actual damages sought in the Eastern District of Louisiana action are approximately eight times greater than the losses he suffered, and thus discovery in the District of Maryland action will be comparatively less extensive and less costly than discovery in the Eastern District of Louisiana action. If these actions are transferred for Section 1407 proceedings, this plaintiff states, he might unnecessarily become involved in

---

[1/] All parties waived their right to oral argument and, accordingly, this matter was submitted for decision on the basis of the papers filed. See Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

costly and lengthy discovery proceedings and disputes which have no bearing on his action. The Maryland plaintiff also points out that there are only two actions in this litigation, and suggests that the parties may be able to minimize their overall expenses and eliminate the possibility of duplicative discovery through voluntary cooperation among counsel, thus gaining many of the advantages of Section 1407 proceedings.

We are not persuaded by these arguments. Although our review of the complaints in these actions reveals that the Eastern District of Louisiana action is broader in scope than the District of Maryland action, it is clear that the complaints raise numerous virtually identical questions of fact concerning defendants' allegedly fraudulent activities. We conclude that these common factual issues, particularly in light of the fact that these actions share nine common defendants, are complex enough, with the discovery so time-consuming, as to justify transfer. Cf. In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Absent transfer under Section 1407, discovery might be needlessly duplicated and there would be a danger of inconsistent pretrial rulings. And while informal coordination of discovery among parties and their counsel is commendable in all complex litigation, transfer of these actions to a single district pursuant to Section 1407 will

ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 504 (J.P.M.L. 1975).

We are confident that the Maryland plaintiff will experience a net savings of time, effort and expenses by Section 1407 treatment and the accompanying utilization of techniques recommended in the Manual for Complex Litigation. For example, since plaintiff shares a common interest with the plaintiffs in the Eastern District of Louisiana action in establishing the liability of the nine common defendants, plaintiffs can pool their efforts through the judicious use of lead counsel and liaison counsel. See Manual for Complex Litigation, Part I, §§1.90 - 1.93 (rev. ed. 1973). Moreover, the transferee judge may in his discretion take appropriate steps to minimize the expenses of any litigant who does not want to participate in pretrial proceedings which he believes will not affect his interests. See, e.g., id. at Part I, §2.31.

The Eastern District of Louisiana is clearly the more appropriate transferee district. Plaintiffs in the Eastern District of Louisiana action and all responding defendants, including four common defendants, favor transfer to that district. Moreover, eight of the nine common defendants reside or are headquartered in Louisiana, and thus many of the

relevant documents and witnesses presumably are located there. See <u>In re Caesar's Palace Securities Litigation</u>, 385 F. Supp. 1256, 1258 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the District of Maryland be, and the same hereby is, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Jack M. Gordon for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the action pending in that district and listed on Schedule A.

## SCHEDULE A

DOCKET NO. 281

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Nathan L. Miller, et al. v. Ascot Oils, Inc., et al. | Civil Action No. 76-2808 |

### DISTRICT OF MARYLAND

| | |
|---|---|
| Robert Austin Milch v. Ascot Oils, Inc., et al. | Civil Action No. 76-924 |